# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1544

_____

Xiao Yun Liu,                                        *
Bao Cai Lian,                                        *
                                                     *
            Petitioners,                             *
                                                     *    Petition for Review
      v.                                             *    of an Order of the
                                                     *    Board of Immigration Appeals.
Alberto Gonzales, Attorney General                   *
of the United States of America,                     *    [UNPUBLISHED]
                                                     *
            Respondent.                              *

_____

Submitted: May 5, 2006
    Filed:   May 12, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Xiao Yun Liu and Bao Cai Lian, citizens of China, petition for review of an order of the Board of Immigration Appeals, which affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Having carefully reviewed the record, we deny the petition.

We lack jurisdiction to review the determination that petitioners' asylum application was untimely. See 8 U.S.C. §1158(a)(3); Aden v. Ashcroft, 396 F.3d 966, 968 (8th Cir. 2005). As to petitioners' withholding of removal and CAT claims,

which are not subject to the one-year filing deadline, we conclude substantial evidence on the record as a whole supports the IJ's denial of those claims. <u>See</u> <u>Ming Ming Wijono v. Gonzales</u>, 439 F.3d 868, 870, 872 (8th Cir. 2006) (standard of review); <u>Ibrahim v. Gonzales</u>, 434 F.3d 1074, 1078-79 (8th Cir. 2006) (IJ's credibility finding is entitled to deference if supported by specific, cogent reasons); <u>Sheikh v. Gonzales</u>, 427 F.3d 1077, 1081 (8th Cir. 2005) (adverse credibility determination as to core of persecution testimony is dispositive of withholding-of-removal claim); <u>Yang v. U.S. Dep't of Justice</u>, 426 F.3d 520, 521-23 (2d Cir. 2005) (upholding denial of CAT relief based on adverse credibility determination with respect to specific fact upon which CAT claim was premised). Finally, we conclude nothing in the record suggests the former Immigration and Naturalization Service violated 8 C.F.R. § 208.6 (2005) (confidentiality of records) during its investigation of documents submitted by petitioners.

Accordingly, we deny the petition.

_____